KEN TIMPEL, Fiscal Officer Administrator of Courts
You have requested my opinion whether sec. 13.04 (1) (d), Stats., applies to Senator Ernest Keppler, whose term as Senator commenced in January, 1977, and expires January, 1981, but who was, at the April, 1978, spring election and during his term in the Senate elected to the office of county judge for a term commencing January, 1979, which office was by reason of ch. 449, Laws of 1977, changed to circuit judge. *Page 2 
The compensation of county and circuit judges was increased, subject to the provisions of Wis. Const. art. IV, sec. 26, by chs. 29, 114, 418 and 449, Laws of 1977. The first two chapters became effective prior to his election as judge, and all four will be effective by the time he assumes office in January, 1979.
It can be argued that such increases would make the legislator ineligible for the judicial office to which he was elected during his term. See Wis. Const. art. IV, sec. 12. It can also be argued that ch. 449, Laws of 1977, created a new office, that of circuit judge, and that the aforementioned constitutional provision would bar the legislator from eligibility to such office.
On this issue, I adopt the conclusion of 63 Op. Att'y Gen. 127 (1974), upholding the constitutionality of sec. 13.04 (1)(d), Stats., when applied to members of the Legislature who areelected to the judiciary during their legislative terms.
I am also mindful of the fact that Senator Keppler was elected to the office of county judge and that subsequent legislation, adopted pursuant to constitutional authorization voted by the electorate in April, 1978, merged the office of county judge with that of circuit judge. But Senator Keppler essentially will assume the judgeship for which he was the successful candidate notwithstanding the legislative change of duties, jurisdiction and title of the office.
I am of the opinion that if Senator Keppler is not constitutionally barred from the judicial office to which he was elected, the provisions of sec. 13.04 (1) (d), Stats., apply. Such statute is presumed constitutional and provides:
 Any incumbent member of the legislature who, during the term for which he was elected to the legislature, by appointment or election assumes any judicial office . . . for which the compensation or other emoluments were increased during the member's current legislative term . . . shall be entitled to the compensation or other emoluments for such office or position only at the rate in effect prior to such increase.
The "term" referred to in this paragraph is the current term the Senator now is serving. If he assumes the office of circuit judge, his compensation as circuit judge would be that which was applicable to the office of county judge of Sheboygan County which was in effect *Page 3 
prior to the effective date of any increase which occurred within Keppler's term as Senator which began in January, 1977. It follows that his compensation could not be increased or decreased during his term as circuit judge by reason of any increases granted pursuant to chs. 29, 114, 418 and 449, Laws of 1977, and could not be changed until after January, 1981, the date on which the term for which he was elected, as legislator, would have expired.
BCL:RJV